**866 CHURCHILL ET AL. vs. CIRCUIT JUDGE** (Alpena), 56 M., 536.

To set aside a verdict and grant a new trial for misconduct of the jury.

Granted April 29, 1885.

Where is was shown that a jury not only sent for and obtained and drank intoxicating liquors in the jury room, and when taken to a hotel for their meals conversed with persons, made known how they stood prior to agreement, openly discussing the fact; inquired of the stenographer as to the outside sentiment respecting the case, and drank whisky and other liquors at the bar two or three times at the invitation of the landlord, and each

other, a trial judge is not competent to decide that the verdict was not thereby affected, and if he refuses to set aside the verdict on the ground that it was a just one, he usurps the functions of the jury. The presumption that the jurors were honest will not save the verdict. A verdict is incurably vitiated where evidence of public sentiment as to the case is allowed to reach the jury.

An order to show cause does not necessarily imply personal censure of the respondent; the review of judicial action is confined to legal errors, and the action itself is presumably conscientious.

Ex parte affidavits, returned by a circuit judge in response to an order to show cause why he should not grant a motion, will not be received if they were not used on the motion.